Alex RATLIFF, Appellee,

v.

Wilbur COHEN, Secretary of Health,
Education and Welfare, Appellant.

No. 12631.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1969.

Decided Feb. 27, 1969.

Robert M. Heier, Atty., Dept. of Jus-
tice (Edwin L. Weisl, Jr., Asst. Atty.
Gen., Thomas B. Mason, U. S. Atty., and
Kathryn H. Baldwin, Atty., Dept. of
Justice, on brief) for appellant.

Ronald W. May, Pikeville, Ky., (W.
Clyde Dennis, Grundy, Va., on brief)
for appellee.

Before HAYNSWORTH, Chief Judge,
and SOBELOFF and BUTZNER, Cir-
cuit Judges.

PER CURIAM:

The Secretary of Health, Education and Welfare appeals from the District Court's allowance of disability benefits to Alex Ratliff under the Social Security Act. The appellee, prior to 1964, was a miner in the western part of Virginia. He developed chronic emphysema, arthritis, and stomach ulcers. He has been examined by physicians a number of times in the intervening period, and his condition, particularly emphysema, has worsened.

Concededly, the appellee can no longer pursue his calling in the mines. In education he is quite limited, having gone "to the third grade" only, and is an illiterate. But the Secretary maintains that Ratliff could do other gainful work, despite his physical and educational limitations.

The Secretary relies on the 1967 amendment of the Social Security Act.[1] Ratliff maintains that the Act is unconstitutional if applied to him retroactively. We need not decide this issue. There is no substantial evidence in the record that, considering appellee's impairments, illiteracy, and limited work experience, he can engage in "substantial gainful work which exists in significant numbers [of jobs] either in the region where he lives or in several regions of the country."

Affirmed.

---

1. Section 158 of the Social Security Amendments of 1967, P.L. 90–248, 81 Stat. 821, 867–869 [42 U.S.C. § 423] provides in pertinent part:

"Definition of disability"

"(d) (1) The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; or

*  *  *  *  *

"(2) For purposes of paragraph (1) (A)—

"(A) an individual (except a widow, surviving divorced wife, or widower for purposes of section 202(e) or (f)) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."